# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) |
| --- | --- |
| | ) |
| v. | ) CRIMINAL NO. 12-0056-WS |
| | ) |
| REGINALD MARTEZ ROBINSON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The defendant has filed a motion for appointment of counsel to assist him in seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 247). The *Johnson* Court "h[e]ld that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ["ACCA"] violates the Constitution's guarantee of due process." *Id*. at 2563.

The defendant was not sentenced under ACCA, but he was sentenced as a career offender. To be a career offender, a defendant must "ha[ve] at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). As under ACCA, the Guidelines define a "crime of violence" in three ways: (1) a crime having as an element the use or attempted use of force (the "elements" clause); (2) the crimes of burglary of a dwelling, arson or extortion (the "enumerated" clause); and (3) any other crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual" clause). *Id*. § 4B1.2(a).

The *Johnson* Court ruled only that the "residual" clause of ACCA is unconstitutional. The defendant can have no hope of relief unless both: (1) the *Johnson* rule extends to the career offender guideline; and (2) he was characterized as a career offender as a result of counting offenses that are crimes of violence only under the residual clause.

The Eleventh Circuit has ruled that *Johnson* does not extend to the career offender guideline. *United States v. Matchett*, 802 F.3d 1185, 1189 (11th Cir. 2015). The Supreme Court has granted a petition for writ of *certiorari* in another case to resolve that very question. *Beckles v. United States*, 136 S.Ct. 2510 (2016). The first issue listed above thus appears to remain an open question.

The second, however, is not. When sentenced, the defendant had four prior adult[1] felony convictions: (1) distribution of a controlled substance; (2) possession with intent to distribute crack cocaine; (3) first degree robbery; and (4) conspiracy to commit bank robbery. (Doc. 239 at 17-19). The first two of these offenses are controlled substance offenses. Because a defendant is a career offender if he has two prior controlled substance offenses, the defendant was correctly deemed a career offender regardless of whether his other two offenses fall within the residual clause. Moreover, first degree robbery under Alabama law is a crime of violence under the elements clause, not under the residual clause. *Levert v. United States*, 2016 WL 4070147 at *4 (N.D. Ala. 2016).

Because the defendant's career offender status was not based on a prior felony conviction for a crime of violence under the residual clause, he cannot possibly benefit from *Johnson*, even if the Supreme Court ultimately declares that *Johnson* applies to the career offender guideline. Because the defendant cannot obtain any relief from *Johnson*, his motion for appointment of counsel to pursue such a claim is **denied**.

DONE and ORDERED this 12th day of September, 2016.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Only convictions for crimes committed after the defendant turned 18 can be counted for purposes of the career offender guideline. U.S.S.G. § 4B1.1(a).