# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINALD MARTEZ | ) | |
| ROBINSON *a/k/a Bama*, | ) | |
| BOP Reg. # 12137-003, | ) | |
|    Movant, | ) | **CIVIL ACTION NO.** |
| | ) | **1:20-00156-WS-N** |
| v. | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| UNITED STATES OF AMERICA, | ) | **1:12-00056-WS-N-2** |
|    Respondent. | ) | |

## REPORT AND RECOMMENDATION

Reginald Martez Robinson, proceeding *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated March 10, 2020 (Doc. 254[1]), challenging the judgment entered against him in the above-styled criminal action. The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (3/17/2020 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the § 2255 motion, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Upon preliminary review of the § 2255 motion under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned finds that it plainly appears from the motion, attached exhibits, and the record of

---

[1] All "Doc." citations herein refer to the docket of the above-styled criminal action.

prior proceedings that Robinson is not entitled to relief, and therefore the motion is due to be dismissed.

## I.    *Analysis*

### A.    The § 2255 Motion

On April 26, 2012, the grand jury for this district issued a 9-count superseding indictment against Robinson and two co-defendants. (Doc. 46). On October 18, 2014, Robinson pled guilty to Counts One and Five of the superseding indictment, which alleged, respectively, conspiracy in violation of 18 U.S.C. § 924(o), and kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (2). (*See* Doc. 181). On December 1, 2015, Robinson was sentenced to a total of 184 months in prison and a subsequent term of 5 years on supervised release. (*See* Doc. 244). Robinson took no direct appeal of that judgment.

Section 924(o) makes it a crime to conspire to commit an offense under 18 U.S.C. § 924(c). Under § 924(c), "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," is guilty of a separate criminal offense. 18 U.S.C. § 924(c)(1)(A). For purposes of § 924(c), "the term 'crime of violence' means an offense that is a felony and-- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B)

that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is often referred to as the "elements clause," while § 924(c)(3)(B) is referred to as the "residual clause." *See United States v. Davis*, 139 S. Ct. 2319, 2324, 204 L. Ed. 2d 757 (2019) (noting that § 924(c) "define[s] the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause"). In *United States v. Davis*, 139 S. Ct. 2319, the United States Supreme Court has held that § 924(c)'s residual clause is void for vagueness. Robinson's sole claim for relief under § 2255 is that his conviction and sentence for conspiring to violate § 924(c) are no longer valid in light of *Davis*.

*Davis*, however, provides Robinson no relief, because Count One did not charge him with conspiring to use, carry, or possess a firearm in relation to a "crime of violence," but instead "in connection with a *drug trafficking felony*, namely, to attempt to possess with intent to distribute controlled substances…" (Doc. 46, PageID.209 (emphasis added)).[2] A review of Robinson's plea agreement confirms that the Count One offense to which he pled guilty was "conspiracy to use, carry and possess a firearm in relation to and in furtherance of a *drug trafficking felony*…" (Doc. 170, PageID.1358 (emphasis added)). Section 924(c) does not define "drug trafficking crime" using any sort of residual clause like it does to define "crime of

---

[2] Prior to Robinson filing the present § 2255 motion, the District Judge pointed this fact out to Robinson in denying his motion for appointment of counsel to seek relief under § 2255. (*See* Doc. 250).

violence." Rather, for purpose of § 924(c), "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). Attempting to possess with intent to distribute controlled substances is a felony under the Controlled Substances Act, *see* 21 U.S.C. §§ 841(a)(1), 846, and *Davis* did nothing to undermine § 924(c)'s definition of "drug trafficking crime."

Accordingly, Robinson is due no relief under § 2255 on the sole claim he raises, and his § 2255 motion (Doc. 254) is therefore due to be **DISMISSED with prejudice**.

## B.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

In all cases, a "certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner

must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon consideration, the undersigned finds that Robinson should be **DENIED** a Certificate of Appealability as to the present § 2255 motion, as reasonable jurists would not debate whether his § 2255 motion should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further.[3]

---

[3]     Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## C.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis finding Robinson's sole claim for relief without merit, the undersigned **RECOMMENDS** the Court certify that any appeal by Robinson of the dismissal of the present § 2255 motion would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal that decision *in forma pauperis*.[4]

---

Should the Court adopt this recommendation and deny a certificate of appealability, the movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[4] Should the Court adopt this recommendation and deny leave to appeal *in forma pauperis*, the movant may file a motion to proceed on appeal *in forma pauperis* with

## II.   *Conclusion & Recommendations*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Robinson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated March 10, 2020 (Doc. 254) be **DISMISSED with prejudice** as without merit.  It is further **RECOMMENDED** that the Court find Robinson not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

**DONE** this the 1st day of May 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.