# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 12-0056-WS |
| | ) |
| **REGINALD MARTEZ ROBINSON,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

On May 1, 2020, the Magistrate Judge entered a report and recommendation ("R&R") recommending that the defendant's motion to vacate be dismissed with prejudice as without merit and providing the defendant two weeks to file any objections. (Doc. 256). On May 7, 2020, the Court entered an order providing the parties two weeks to object to the Court's proposed correction of the judgment under Rule 36 to reflect the statute of conviction as 18 U.S.C. § 924(o). (Doc. 257). The defendant, citing the COVID-19 pandemic and the complexity of the issues, has filed four motions seeking, respectively, the following relief: a 30-day extension of time to object to the R&R; a 30-day extension of time to respond to the Court's Rule 36 order; appointment of counsel to assist in his responses; and an order directing the Bureau of Prisons to afford him access to law library resources. (Docs. 258-61).

"[T]here is no automatic constitutional right to representation in a federal habeas corpus proceeding." *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985). Appointment of counsel under Rule 8(c) of the Rules Governing Section 2255 Proceedings is required only if the petitioner is eligible under 18 U.S.C. § 3006A and the court determines that an evidentiary hearing is necessary. *Shepherd v. United States*, 253 F.3d 585, 587 (11th Cir. 2001). Otherwise, appointment occurs "only when due process or the interests of justice require it," *McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994), which is rare. Thus, for example, the interests of justice did not require appointment of counsel when the petitioner was indigent and raised four issues, including ineffective assistance of counsel. *Id.* at 967, 971. Indeed, "federal courts generally appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial evaluation and the court has determined that the issues presented call for an

evidentiary hearing." *Shepherd*, 253 F.3d at 587 (summarizing *Johnson v. Avery*, 393 U.S. 483, 487-88 (1969)).

The only claim presented in the defendant's motion to vacate is that his conviction is based on the residual clause of 18 U.S.C. § 924(c)(3)(B), which the Supreme Court ruled unconstitutionally vague in *United States v. Davis*, 139 S. Ct. 2319 (2019). (Doc. 254). As the R&R notes, (Doc. 257 at 3-4), the residual clause of Section 924(c)(3)(B) defines "crime of violence," and the defendant's conviction was not based on the firearm's relation to a crime of violence but on its relation to a drug trafficking crime. This is what was charged in the superseding indictment, (Doc. 46 at 1), that is what the defendant pleaded guilty to, (Doc. 170 at 1; Doc. 181), and that is what he was sentenced for. (Doc. 244 at 1). As the R&R notes, (Doc. 256 at 3-4), *Davis* is utterly irrelevant to the defendant's conviction and sentence.

Because it is clear that the defendant cannot possibly obtain relief on his motion to vacate, he cannot obtain counsel to assist in that futile effort. Nor is he entitled to an extension of time to object to the R&R, nor to judicially compelled access to law library resources.

The same holds for the Court's Rule 36 order. The defendant was charged with conspiracy to violate Section 924(c), which conspiracy was a violation of Section 924(o). (Doc. 46 at 1, 6). The defendant then pleaded guilty to a violation of Section 924(o). (Doc. 170 at 1; Doc. 181). The judgment's reference to Section 924(c) rather than to Section 924(o) as the statute of conviction was therefore indisputably a clerical error correctable under Rule 36. The defendant is not entitled to counsel, extra time, or compelled law library resources to combat the obvious.

For the reasons set forth above, the defendant's motions for extension of time, for appointment of counsel, and for access to law library, (Docs. 258-61), are **denied**.

DONE and ORDERED this 21st day of May, 2020.

s/WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE